IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NEIL E. RIVERS,
     Petitioner,

vs.                           Case No. 3:08cv418/RV/EMT

WALTER A. McNEIL,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 13). Respondent filed an answer and relevant portions of the state court record (Doc. 27). Petitioner filed a reply (Doc. 32).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed and established by the state court record (*see* Doc. 27, Exhibits).[1] Petitioner was charged in the Circuit Court for Escambia County, Florida, Case No. 2006-0488-CFA, with one count of escape from a county work release program (Ex. B at 1). On August 28, 2006, Petitioner entered a "straight up" plea of nolo

_____

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (Doc. 27).

contendere to the charge (Ex. B at 1–20, 26–30). The trial court adjudicated Petitioner guilty and sentenced him to ninety-four (94) months of incarceration, with pre-sentence credit of 216 days (*id.* at 22–24, 35–41).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA") (Ex. B at 45). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. C). Petitioner filed a pro se initial brief (Ex. D). On May 11, 2007, the First DCA affirmed the judgment of conviction per curiam without written opinion, with the mandate issuing July 26, 2007 (Ex. E). Rivers v. State, 959 So. 2d 722 (Fla. 1st DCA 2007) (Table). Petitioner did not seek further review by the Florida Supreme Court or the United States Supreme Court.

On August 2, 2007, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. G at 1–11). In an order rendered November 21, 2007, the trial court summarily denied the motion (*id.* at 15–19). Petitioner appealed the decision to the First DCA (*id.* at 63). On June 4, 2008, the First DCA affirmed per curiam without written opinion, with the mandate issuing August 8, 2008 (Exs. H, I, J, K). Rivers v. State, 985 So. 2d 1097 (Fla. 1st DCA 2008) (Table). Prior to issuance of the mandate, Petitioner file a notice to invoke discretionary jurisdiction, which the First DCA forwarded to the Florida Supreme Court (*see* Doc. 1 at 108–11; *see also* Ex. H ). On August 11, 2008, the state supreme court dismissed Petitioner's petition for review for lack of jurisdiction (Doc. 1 at 112). Rivers v. State, 990 So. 2d 1059 (Fla. 2008) (Table).

Petitioner filed the instant federal habeas action on September 17, 2008 (Doc. 1). Respondent concedes that the petition is timely (Doc. 27 at 4).

II.     STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19.

In relevant part, section 2254(d) now provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

---

[2] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).  In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"  Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable."  Williams, 529 U.S. at 409.  Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.  Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683

(2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion." Williams, 529 U.S. at 410–12.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L.

Ed. 2d 662 (2007); <u>Jones</u>, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

III.    EXHAUSTION AND DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. <u>Duncan</u>, 513 U.S. at 365–66; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); <u>Picard</u>, 404 U.S. at 277–78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In <u>Picard v. Connor</u>, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," <i>id.</i>, 404 U.S. at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

_____

[3]Section 2254 provides, in pertinent part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
          (A) the applicant has exhausted the remedies available in the courts of the State; or
          (B) (i) there is an absence of available State corrective process; or
              (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In <u>Anderson v. Harless</u>, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* 459 U.S. at 7 (citing <u>Sandstrom v. Montana</u>, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." <u>Anderson</u>, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in <u>Duncan v. Henry</u>, 513 U.S. 364. The <u>Duncan</u> Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." <u>Duncan</u>, 513 U.S. at 365–66. Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the

---

[4] The petitioner in <u>Duncan</u> raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

case, that does so." <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004).

The <u>Baldwin</u> Court commented that "[a] litigant wishing to raise a federal issue can easily indicate

the federal law basis for his claim in a state-court petition or brief, for example, by citing in

conjunction with the claim the federal source of law on which he relies or a case deciding such a

claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32. With

regard to this statement, the Eleventh Circuit stated in <u>McNair v. Campbell</u>, 416 F.3d 1291 (11th Cir.

2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for
> petitioners seeking to establish exhaustion. However, we agree with the district court
> that this language must be "applied with common sense and in light of the purpose
> underlying the exhaustion requirement[:] 'to afford the state courts a meaningful
> opportunity to consider allegations of legal error without interference from the
> federal judiciary.'" <u>McNair</u> [<u>v. Campbell</u>], 315 F. Supp. 2d at 1184 (quoting
> <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)).
> This is consistent with settled law established by the Supreme Court. . . . We
> therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more
> than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[5]

An issue that was not properly presented to the state court and which can no longer be

litigated under state procedural rules is considered procedurally defaulted, that is, procedurally

barred from federal review. <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court

will also consider a claim procedurally defaulted if it was presented in state court and rejected on

the independent and adequate state ground of procedural bar or default. *See* <u>Coleman v. Thompson</u>,

501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); <u>Caniff v.</u>

<u>Moore</u>, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally

defaulted under state law cannot be addressed by federal courts."); <u>Chambers v. Thompson</u>, 150 F.3d

1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court

---

[5] In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." <u>McNair v. Campbell</u>, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

even as to a claim which has never been presented to a state court); *accord* <u>Tower v. Phillips</u>, 7 F.3d 206, 210 (11th Cir. 1993); <u>Parker v. Dugger</u>, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. <u>Bailey</u>, 172 F.3d at 1303. In the second instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. *Id.*. A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question. *See* <u>Harris v. Reed</u>, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. <u>Lee v. Kemna</u>, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[6] Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. <u>Tower</u>, 7 F.3d at 210; <u>Parker</u>, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." <u>McCleskey v. Zant</u>, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available

---

[6] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. <u>Marek v. Singletary</u>, 62 F.3d 1295, 1302 (11th Cir. 1995); <u>Alderman v. Zant</u>, 22 F.3d 1541 (11th Cir. 1994).

procedures is not enough to establish cause. <u>Tower</u>, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." <u>Schlup</u>, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

## IV.   PETITIONER'S CLAIMS

A.   <u>Ground One: "Ineffective Assistance of Counsel, Rendering Petitioner's Plea Involuntary and Violation [sic] of Petitioner's Constitutional Rights Under Due Process."</u>

Petitioner contends his plea was involuntary because it was based upon defense counsel's advice that there was no legal basis to challenge the sufficiency of the charging document (Doc. 13 at 4–5). Petitioner asserts this advice was erroneous because the information was subject to dismissal on the ground that the facts failed to establish a prima facie case of escape under Florida Statutes section 944.40, which provides:

> Any prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution, whether operated by the state, a county, or a municipality, or operated under a contract with the state, a county, or a municipality, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 944.40 (2006). Petitioner argues he was not "confined" within the meaning of the statute at the time of the alleged escape because he was on work release (Doc. 13 at 4–5). He states that when he discovered that the information was subject to challenge on this ground, he asked counsel to file a motion to withdraw the plea, but counsel refused (*id.*). Petitioner contends counsel's misadvice concerning the sufficiency of the charging document rendered his plea involuntary; and he would not have entered a plea but for counsel's misadvice (*id.*). He additionally contends there

is a reasonable probability that the trial court would have granted a motion to dismiss the information if counsel had filed one (*id.*).

Respondent concedes that Petitioner exhausted this claim in the state courts by raising it in his Rule 3.850 motion (Doc. 27 at 5, 9–10). Respondent contends Petitioner has failed to show that the state court's adjudication of the claim was based upon an unreasonable determination of the facts, or contrary to or an unreasonable application of clearly established Supreme Court law. Therefore, Petitioner is not entitled to habeas relief (*id.* at 11–18).

        1.      Clearly Established Federal Law

When a defendant challenges a guilty plea based upon allegations of ineffective assistance of counsel, the two-pronged standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) applies. The two components of an ineffectiveness claim under <u>Strickland</u> are performance and prejudice, and if an insufficient showing is made as to one, the court need not address the other. <u>Strickland</u>, 466 U.S. at 697. If Petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief. *Id.* at 697; <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.") (citation omitted).

The focus of inquiry under the performance prong of the <u>Strickland</u> standard is whether counsel's assistance was "reasonable considering all the circumstances." *See* <u>Strickland</u>, 466 U.S. at 691. "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Indeed, the Supreme Court warned about second-guessing professional judgments made by counsel:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. . . . Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be.

Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts. That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

McMann v. Richardson, 397 U.S. 759, 769–70, 90 S.Ct. 1441, 1448, 25 L. Ed. 2d 763 (1970).

In a plea situation, counsel must provide advice "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56–57, 106 S. Ct. 366, 369, 88 L. Ed. 2d 203 (1985) (quoting McMann, 397 U.S. at 771). Under this standard, representation is ineffective only if counsel commits "serious derelictions" of his duty when advising the accused. Stano v. Dugger, 921 F.2d 1125, 1150–51 (11th Cir. 1991). Absent such blatant errors, however, the court should "indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990). The Eleventh Circuit has commented that "[t]he right to competent plea bargain advice is at best a privilege that confers no certain benefit," because a defendant "may make a wise decision" without assistance of counsel or a "bad one despite superior advice from his lawyer." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam). "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [entering a plea] and going to trial." Id. This requires counsel to "offer his informed opinion as to the best course to be followed" and impart "a general knowledge of the possible legal consequences of facing trial" to the defendant. Id. Therefore, a defendant's failure to "correctly assess every relevant factor entering into his decision" does not undermine a validly entered guilty plea. Id. at 1509.

To meet the prejudice prong of the Strickland standard in a plea situation, Petitioner must establish that prove that "counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. Often this analysis hinges upon whether eradication of the error would have led counsel to change his recommendation as to the plea, which in turn generally depends on whether the outcome of a trial would have been substantively different. Id. at 59–60. While counsel can be deemed ineffective under Strickland for failing to provide proper advice during the plea process, Petitioner must demonstrate a reasonable probability that, but for

counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See* Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991); Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991). A conclusory, after-the-fact statement that Petitioner would not have pled guilty, without more, is insufficient to establish prejudice under Strickland. *See* Diaz, 930 F.2d at 835; *see also* Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995) (though Coulter evidenced, through his counteroffer to the state, a willingness to enter into a plea agreement, he offered no further proof to show that he would have accepted the state's plea offer of life without parole absent his lawyers' alleged errors; therefore, Coulter failed to establish any prejudice stemming from counsel's alleged deficient performance); Johnson v. Duckworth, 793 F.2d 898, 902 n.3 (7th Cir. 1986).

2.      Federal Review of State Court Decision

Petitioner raised this challenge to his plea in his Rule 3.850 motion (Ex. G at 1–11). In the state circuit court's written opinion denying the motion, the court cited the two-pronged Strickland standard as the legal standard applicable to claims of ineffective assistance of counsel (*id.* at 16–17). Because the state court correctly identified Strickland as the governing precedent, Petitioner is entitled to federal habeas relief only if he demonstrates that the state court decision was based upon an unreasonable determination of the facts or that the state court decision was an unreasonable application of Strickland.

The state circuit court found as fact that the information charged the following:

Neil Edwin Rivers, on or about December 16, 2005, at and in Escambia County, Florida, being a prisoner of the Escambia County Jail and while in the work-release program of the Escambia County Jail, did unlawfully escape from the custody of said jail, by willfully failing to remain within the extended limits of his or her confinement, or to return within the time prescribed to the *place of confinement*, in violation of Sections 951.24(4) and 944.40, Florida Statutes.

(*id.* at 16–17 (emphasis in original)). The court noted that Florida Statutes section 951.24(4) provides:

Any prisoner who willfully fails to remain within the extended limits of his or her confinement or to return within the time prescribed to the place of confinement shall be deemed an escapee from custody and shall be subject to punishment as prescribed by law.

(*id.* at 18). The court noted that another provision of that statute states that except during the time a prisoner is on authorized release, the prisoner "continue[s] as an inmate of the county facility in which he or she shall be confined" (*id.* (citing Fla. Stat. § 951.24(2)(a)(2006))).

The state court determined that the State proved that Petitioner did not return to his place of confinement, the Work Release Center, on December 16, 2005, and had to be re-arrested on January 25, 2006 (Ex. G at 17). The court further determined that Petitioner's failure to return to the place of confinement within the time prescribed constituted an escape from the lawful custody of the Escambia County Jail; therefore, the State both charged and proved the correct offense (*id.*). The court determined that, in light of this conclusion, there were no legal grounds for counsel to challenge the sufficiency of the information; therefore, counsel was not ineffective (*id.* at 18–19).

Upon review of the state court record, the court concludes that Petitioner's challenge to his plea on grounds of ineffective assistance of counsel fails. In response to Petitioner's Rule 3.850 motion, the state circuit court determined that the State properly charged and provided a factual basis for a violation of Florida Statutes §§ 951.24(4) and 944.40. That decision was affirmed by the First DCA. While the affirmance was a per curiam opinion without reasoning, this court presumes that the First DCA's decision affirms the reasoning, as well as the judgment of the lower court. "'Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.'" Sweet v. Sec'y Dept. of Corrs., 467 F.3d 1311, 1316–17 (11th Cir. 2006) (quoting Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594, 115 L. Ed. 2d 706 (1991)); *see also* Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990) (noting that the "clear inference" to be drawn from a per curiam affirmance without written opinion is that the appellate court "accepted not only the judgment but the reasoning of the trial court.").

Given the state courts' holdings, Petitioner cannot make the showings required under federal law to demonstrate ineffective assistance of counsel. As discussed *supra*, under Strickland, a defendant claiming ineffective assistance of counsel must show both that counsel's performance was deficient and that the deficient performance prejudiced him. 466 U.S. at 687. If the charging document was sufficient under Florida law, as the Florida courts have determined, Petitioner's counsel's performance in advising him that there was no legal basis to challenge the sufficiency of

the information cannot be considered deficient. *See* Ladd v. Jones, 864 F.2d 108, 110 (11th Cir. 1989) (holding where "claims were meritless, it was clearly not ineffective for counsel not to pursue them."). These findings also mean that Petitioner cannot show he suffered prejudice resulting from his attorney's performance. *See* Herring v. Sec'y, Dep't of Corr, 397 F.3d 1338, 1354–55 (11th Cir. 2005) (petitioner could not establish deficient performance or prejudice where state supreme court had determined that objection (which counsel was faulted for not making) would have been overruled).

Although an ineffective assistance of counsel claim is a federal constitutional claim, which the court considers in light of the clearly established rules of Strickland, when "the validity of the claim that [counsel] failed to assert is clearly a question of state law, . . . we must defer to the state's construction of its own law." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984) (in the context of alleged ineffectiveness of appellate counsel, "[o]n the one hand, the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension," but, "[o]n the other hand, the validity of the claim [counsel] failed to assert is clearly a question of state law, and we must defer to the state's construction of its own law.") (citations omitted);[7] *see also* Callahan v. Campbell, 427 F.3d 897, 932 (11th Cir. 2005) ("[i]t is a fundamental principle that state courts are the final arbiters of state law, federal habeas courts should not second-guess them . . .") (quotation and omitted). In the instant case, the Florida courts determined that the error in the information which Petitioner alleges (that is, that he was not "confined" at the time he left the work release program and failed to return) did not exist.[8, 9] Further,

---

[7] Alvord was superseded by statute on other grounds as noted in Hargrove v. Solomon, 227 Fed. Appx. 806 (11th Cir. 2007); *see also* United States v. Battle, 264 F. Supp. 2d 1088, 1134–35 (N.D. Ga. 2003) (noting that Alvord, involving a claim of ineffectiveness for failure to raise an insanity defense, predated passage of the Insanity Defense Reform Act of 1984).

[8] By signing the plea and sentencing agreement, Petitioner agreed that he left the work release program on December 16 and did not return (*see* Ex. B at 26–30).

[9] Other Florida courts have also rejected the argument propounded by Petitioner. *See* Howell v. State, 45 So. 3d 527, 528 (Fla. 1st DCA 2010) (rejecting defendant's argument that he could not be guilty of escape under section 951.24(4) because he was not confined while on work release as "flatly contradicted by the plain language of the statute, and thus, contrary to law."); Early v. State, 678 So. 2d 901, 902 (Fla. 5th DCA 1996) (defendant's failure to timely return to work release facility constituted escape under Fla. Stat. §§ 951.24(4) and 944.40); Price v. State, 333 So. 2d 84, 85 (Fla. 1st DCA 1976) (state legislature, by adoption of Fla. Stat. §§ 945.091 and 951.24, has recognized that a prisoner may still be regarded as "confined," for purposes of § 944.40, even though not physically present in state or county

the state courts' decision that Petitioner's counsel was not ineffective rests on this interpretation of Florida law. In light of the state courts' conclusion that there was no meritorious basis to challenge the information, Petitioner has failed to show that the state courts' adjudication of his ineffective assistance of counsel claim was unreasonable. Moreover, Petitioner failed to show that counsel's failure to raise the issue caused him to enter a guilty plea instead of going to trial, since he was aware of the issue at the time he entered his guilty plea (*see* Doc. 1, Ex. A; Doc. 27, Ex. G at 11–20). Therefore, Petitioner is not entitled to federal habeas relief on his challenge to his plea on grounds of ineffective assistance of counsel. *See, e.g.*, Carson v. McNeil, No. 4:07cv477/SPM/WCS, 2010 WL 107899, at *1, 10–11 (N.D. Fla. Jan. 7, 2010) (petitioner not entitled to federal habeas relief on claims that conviction and sentence for escape violated due process (ground two), and that counsel was ineffective for advising him there was no defense to escape charge (ground three), where state court determined, as a matter of state law, that petitioner's particular, undisputed circumstances of absenting himself from work release constituted escape; moreover, petitioner failed to show counsel's failure to raise the issue caused him to enter a guilty plea instead of going to trial, since he was aware of the issue at the time he entered his guilty plea).

      B.      Ground Two: "Information."

                Ground Three: "Fundamental Error."

In Grounds Two and Three, Petitioner asserts a freestanding due process challenge to the information on the same grounds discussed *supra* (namely, the facts failed to establish a prima facie violation of Florida Statutes § 944.40, because he was not "confined" at the time he left the work release program and failed to return) (Doc. 13 at 5–6). Petitioner asserts he raised this issue in his Rule 3.850 motion (*see id.* at 3). He additionally appears to assert that the trial court erred by failing to allow him an opportunity to amend his Rule 3.850 motion (*id.*).

Respondent contends Petitioner failed to exhaust Grounds Two and Three because he failed to fairly present a freestanding due process violation either in his initial brief on direct appeal of his

---

correctional facility). *But see* Crumity v. State, 922 So. 2d 276, 277–78 (Fla. 4th DCA 2006) (evidence was insufficient to prove escape under section 944.40 in manner alleged in information, which alleged that defendant, while confined in a state or county penal institution, or working upon the public roads, or being transported to or from a place of confinement, escaped from such confinement; evidence only showed that defendant arrived at site of work-release program and left without permission or authority to do so); State v. Williams, 918 So. 2d 400, 401–02 (Fla. 2d DCA 2006) (same); Banasik v. State, 889 So. 2d 916, 918 (Fla. 2d DCA 2006) (same).

conviction or in his Rule 3.850 motion (Doc. 27 at 5–8, 18).  Furthermore, Petitioner cannot properly return to state court to raise a federal due process claim because Florida law does not provide a second direct appeal; and any attempt to raise a due process claim in a second Rule 3.850 motion would be dismissed as successive and untimely (*id.* at 7).  Therefore, Ground Two and Three are procedurally defaulted (*id.* at 7–8).  Respondent contends Petitioner has failed to show cause for the procedural default or that prejudice would result from this court's failure to review the claims; therefore, the claims are barred from federal review (*id.* at 8).

Upon review of the state court record, the undersigned concludes that Petitioner failed to fairly present a federal due process claim independent of his challenge to his plea on grounds of ineffective assistance of counsel.  Although Petitioner argued in his brief on direct appeal and in his Rule 3.850 motion that his conviction constituted fundamental error under the Florida Constitution and violated federal due process principles, he did so in support of his claim that his plea was involuntary because defense counsel misadvised him concerning the sufficiency of the charging document (*see* Ex. D at 1–8, Ex. G at 1–11).  In Petitioner's initial brief on direct appeal of his conviction, he clearly identified the five issues presented for review as claims of ineffective assistance of counsel (*see* Ex. D at 1–8).  Likewise, in his Rule 3.850 motion, Petitioner raised only two issues, both of which were claims of ineffective assistance of counsel:  (1) counsel's ineffective assistance deprived him of his Sixth and Fourteenth Amendment rights to a fair trial, effective assistance of counsel, and due process, and rendered his plea unknowing, unintelligent, and involuntary, and (2) he was entitled to withdraw his plea based upon counsel's failure to challenge the sufficiency of the information (Ex. G at 1–9).  Although Petitioner argued that the Due Process Clause of the Fourteenth Amendment guaranteed against governmental interference with his liberty (*see id.* at 8), he did so in the context of his claim that his plea was involuntary because counsel erroneously advised him that there was no legal basis to challenge the sufficiency of the information (*see id.* at 1–9).  Petitioner did not fairly present a freestanding federal due process claim independent of his challenge to his plea on grounds of ineffective assistance of counsel; therefore, the undersigned concludes Petitioner failed to exhaust his state court remedies as to Grounds Two and Three.  Moreover, any future attempt to exhaust state remedies would be futile under Florida law, since Petitioner may not take a second appeal of his conviction, and a second Rule 3.850

motion would be subject to dismissal as untimely and successive. *See* Fla. R. Crim. P. 3.850(b), (f). Therefore, Grounds Two and Three are procedurally defaulted. *See* <u>Bailey</u>, 172 F.3d at 1303.

As previously noted, a procedural default may be excused through a showing of cause for the default and prejudice arising therefrom, *see* <u>Coleman</u>, 501 U.S. at 750, or a demonstration that failure to consider the claim will result in a "fundamental miscarriage of justice," *see* <u>Murray</u>, 477 U.S. at 495–96. In the instant case, Petitioner asserts that the trial court failed to allow him an opportunity to amend his Rule 3.850 motion, which the undersigned liberally construes as an assertion of cause for his failure to present an independent due process claim in his Rule 3.850 motion. However, Petitioner does not allege that he attempted to amend his Rule 3.850 motion to include additional claims, nor does the state court docket in the post-conviction proceedings reflect that Petitioner filed a motion to amend or an amended Rule. 3.850 motion (*see* Ex. G, Progress Docket Printout).[10] Moreover, Petitioner has not alleged the existence of new reliable evidence demonstrating he is actually innocent (that is, factually innocent) of the escape charge. Therefore, he has failed to show that this court's failure to review his claim will result in a fundamental miscarriage of justice. *See* <u>Schlup</u>, 513 U.S. at 327. For these reasons, Petitioner is not entitled to federal review of Grounds Two and Three.[11]

V.      CERTIFICATE OF APPEALABILITY

---

[10] To the extent Petitioner claims a due process violation based upon the state court's failure to allow him to amend his Rule 3.850 motion, he is not entitled to federal habeas relief. It is well established in the Eleventh Circuit that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state collateral proceedings. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *See* <u>Quince v. Crosby</u>, 360 F.3d 1259, 1261–62 (11th Cir. 2004) (affirming district court's denial of habeas relief based on state court judge's refusal to recuse himself from the Rule 3.850 hearing, explaining "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); <u>Spradley v. Dugger</u>, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam) (concluding § 2254 claim that petitioner's due process rights were violated when state post-conviction court held no evidentiary hearing and failed to attach appropriate portions of record to its opinion "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief"). In the instant case, the state collateral proceeding where this alleged due process violation occurred was not part of the direct review process of Petitioner's conviction, rather, Petitioner's direct appeal to the First DCA in <u>Rivers v. State</u>, 959 So. 2d 722 (Fla. 1st DCA 2007) was the direct review proceeding. Therefore, to the extent Petitioner's due process claim challenges only the process afforded him in a state collateral review proceeding and does not present a constitutional challenge to Petitioner's confinement, it does not provide a basis for federal habeas relief.

[11] Even if Petitioner fairly presented a federal due process claim in his Rule 3.850 motion, based upon his contention that the information failed to state a prima facie case of escape, the state post-conviction courts' determination that the information was sufficient under Florida law resolved the federal due process issue.

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That the amended petition for writ of habeas corpus (Doc. 13) be **DENIED**.

2.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>29</u><sup>th</sup> day of December 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**